## UNITED STATES COURT OF INTERNATIONAL TRADE

ASIA WHEEL CO., LTD.,

    *Plaintiff,*

and

TRAILSTAR LLC, LIONSHEAD
SPECIALTY TIRE AND WHEEL LLC,

    *Consolidated Plaintiffs,*

and

TEXTRAIL, INC.,

    *Plaintiff-Intervenor,*

v.

UNITED STATES,

    *Defendant,*

and

DEXSTAR WHEEL DIVISION OF
AMERICANA DEVELOPMENT, INC.,

    *Defendant-Intervenor.*

Before: Stephen Alexander Vaden,
Judge

Consol. Court No. 1:23-cv-00096

## ORDER

On January 26, 2024, Schagrin Associates filed a Form 11 Notice of Appearance for Mr. Nicholas Phillips on behalf of Defendant-Intervenor Dexstar Wheel Division of Americana Development, Inc. ECF No. 30. That same afternoon, the Court entered a Paperless Order stating that Mr. Phillips worked as a law clerk for Judge Vaden from September 6, 2022, until September 15, 2023. ECF No. 32. The Court also noted that this

case was assigned to Judge Vaden on June 16, 2023. *Id.* Because this case was pending during Mr. Phillips' clerkship, the Court gave the parties one week to comment on "any ethical or other consequences to Defendant-Intervenor, its law firm, and the Court of Mr. Phillips' having entered an appearance in this case." *Id.*

The Defendant-Intervenor filed its response on January 29, 2024, stating that: (1) It did not believe there was any impropriety with Mr. Phillips' working on the case because he was screened from the case during his clerkship; (2) Mr. Phillips performed no work for the client on this case but, in an exercise of caution, would withdraw and be screened from the case going forward; and (3) it believed that Mr. Phillips' withdrawal and his attached affidavit detailing his lack of involvement solved any ethical problems. ECF No. 33. The Defendant-Intervenor filed a notice of termination on behalf of Mr. Phillips thereafter. *See* ECF No. 34.

The Plaintiff, Consolidated Plaintiffs, and Plaintiff-Intervenor filed a Joint Response on February 1, 2024. ECF No. 36. They stated that, on the basis of Mr. Phillips' withdrawal and the representation in his affidavit, they "[did] not believe [there were] any ethical or other consequences to [the] Defendant-intervenor, its law firm, and the Court ...." *Id.* The Defendant submitted its response the same day declining to comment on the ethical propriety of the situation and deferring to the discretion of Court. ECF No 37.

Uncertain that the Defendant-Intervenor's proffered solution obviated all appearances of impropriety, the Court determined that its recusal is warranted unless all the parties consented to my continuing to preside. The Clerk's Office transmitted remittal of disqualification forms to the parties and instructed them to sign and return a letter

Consol. Court No. 1:23-cv-00096                                    Page 3

directly to the Clerk's Office within seven days indicating if they wished to waive my disqualification. Following the Administrative Office of the Courts' protocol, I cannot see who returns a form unless all parties do so. Because at least one party to this case did not return a letter waiving my disqualification, I hereby **RECUSE** from this case.

It will be for the judge presiding after reassignment to consider any ethical issues that may remain. Given Schagrin Associates' legal position that there is no ethical issue of concern, I wish to supplement the record regarding the circumstances that led to today's recusal. Before Mr. Phillips' clerkship concluded, we discussed his rejoining Schagrin Associates. I noted that Schagrin has a unique practice of filing appearances for all or nearly all its attorneys in the firm's cases before the Court. I warned that Mr. Phillips should speak to his superiors on joining Schagrin Associates to prevent them from including his name in all their cases because Mr. Phillips could not appear in cases that were pending before me during his clerkship. I added that I do not have any issues with Mr. Phillips' appearing before me in cases that arrive *after* the conclusion of his clerkship. I have no knowledge of whether Mr. Phillips recounted this conversation — witnessed by others — to Schagrin Associates. But unfortunately, what the Court warned about has come to pass. Therefore, the Court must disqualify. It is:

Consol. Court No. 1:23-cv-00096                                                Page 4

     **ORDERED** that the above-captioned case shall be returned by the Clerk's Office to

the Chief Judge for reassignment.

     **SO ORDERED.**

                                                       Stephen Alexander Vaden, Judge

Dated: _February 12 2024_
        New York, New York