United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

July 8, 2024

Jay C. Campbell
White & Case LLP
701 Thirteenth Street, NW
Washington, D.C. 20005

Jordan C. Kahn
Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP
1201 New York Avenue, NW, Suite 650
Washington, D.C. 20005

Nancy A. Noonan
ArentFox Schiff LLP
1717 K Street, NW
Washington, D.C. 20006

R. Kevin Williams
Clark Hill
130 E. Randolph Street, Suite 3900
Chicago, IL 60601

Stephen C. Tosini
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Roger B. Schagrin
Schagrin Associates
900 Seventh Street, NW, Suite 500
Washington, D.C. 20001

Re: **Questions for Oral Argument re: <u>Asia Wheel Co., Ltd. v. United States</u>
Consol. Court No.: 23-00096**

Dear Counselors:

     Oral argument in this case will be held in the James L. Watson Courthouse on Tuesday, July 23, 2024, in Courtroom 1 at 2:30 p.m. The argument, if public and not closed, will be recorded and may be made available to the public via the court's website. If you will be requesting a closed argument or portions of the argument, please inform my case manager, Geoffrey Goell, by 5:00 p.m. on Thursday, July 18, 2024. The court encourages the parties to maintain a public argument if possible.

The court has reviewed the parties' briefs and documents and would like counsel to submit answers in writing to the court's questions by 5:00 p.m. on Thursday, July 18, 2024. The questions should not be construed as suggesting that the court has made any conclusive determinations prior to argument. Parties shall file public and, if necessary, confidential versions of their answers, of not more than 3,000 words.

The oral argument will be dedicated only to rebuttal arguments to the answers filed by opposing counsel. The court will also permit but not require brief opening statements. The length of parties' presentations shall not exceed twenty-five (25) minutes for Plaintiffs and twenty-five (25) minutes for Defendant and Defendant-Intervenors (with such time to be divided by them with notification to the case manager on the day of argument).

At this time, the court requires neither a presentation at oral argument nor written answers to these questions from Plaintiff-Intervenor TexTrail. Inc. If Plaintiff-Intervenor intends to divide time with Plaintiffs at oral argument (with the combined length of the presentations not to exceed the twenty-five (25) minutes allotted to Plaintiffs), it may notify the court of that intention by 5:00 p.m. on Friday, July 19, 2024.

**I.    Questions to Plaintiffs Asia Wheel Co., Ltd, Trailstar LLC, Lionshead Specialty Tire and Wheel LLC ("Asia Wheel")**

1. You argue that "[w]hatever Commerce meant by 'a mix of rim and disc parts from China and a third country,' it did not mean that wheels made in third countries from rims or discs from China (but not both) could potentially be covered by the scope. . . ." Pls.' Mot. for J. on Agency R. at 24, Nov. 20, 2023, ECF No. 29 ("Pls.' Br."). What would "a mix of rim and disc parts from China and a third country" mean if not the specific wheels (produced through Methods A and C) at issue here?

2. You rely on Bell Supply Co., LLC v. United States in putting forward the "new name, character and use" test. 888 F.3d 1222, 1228 (Fed. Cir. 2018). How do you reconcile that reliance with Bell Supply's reference to the five-factor test one sentence later? Id. at 1228–29.

3. The essential component factor that you challenge includes "the product properties, essential component of the merchandise, and intended end-use." Pl.'s Br. at 30; Bell Supply, 888 F.3d at 1228–29. Are you challenging Commerce's analysis of the entire factor, or just the essential component portion?

4. You allege that Commerce erred in including the entire wheel in the scope of the Orders but also make clear that you do not advocate for a mixed-media method of analysis for duty assessment. Pls.' Reply Br. at 14, May 31, 2024, ECF No. 58 ("Pls.' Reply Br."). Please describe, as precisely as possible, the specific method of duty assessment you suggest.

   a. What case law best supports the method you suggest?

5. Please respond to Defendant's argument that Tai-Ao Aluminium (Taishan) Co. v. United States, 983 F.3d 487 (Fed. Cir. 2020) and Trans Texas Tire, LLC v. United States, 519 F. Supp. 3d 1289 (CIT 2021) are distinguishable. Def.'s Resp. in Opp'n to Pls.' Mot. for J. on the Agency R. at 31–34, Mar. 8, 2024, ECF No. 48 ("Def.'s Br."). Please also elaborate on why distinguishing features do not "override the broader due-process principle." Pls.' Reply Br. at 18 (internal quotation marks and citations omitted).

6. In light of 19 C.F.R. § 351.225(*l*) and Diamond Tools Tech. LLC v. United States, 545 F. Supp. 3d 1324, 1349–51 (CIT 2021), how should Commerce have directed Customs regarding the suspension of liquidation?

7. If the court were to hypothetically rule that Customs has independent authority under the Enforce and Protect Act ("EAPA") to suspend liquidation on its own timeline, does Commerce have any separate obligation to instruct Customs to suspend liquidation dating back to the initiation of the scope inquiry anyway?

    a. If so, what case law supports this argument?

8. What authorities best support your overall argument?

9. Are there any recent or pending Supreme Court, Federal Circuit or CIT cases that may affect the court's analysis?

II. **Questions for Defendant the United States ("the Government") and Defendant-Intervenor Dexstar Wheel Division of Americana Development, Inc.**

1. During the original scope investigation in 2019, Commerce made the following statement:

    > Furthermore, as we find that the existing language sufficiently conveys the concept that third-country processing of a steel wheel must be of rims and discs produced in China and agree, generally, with the respondent/importer's understanding of this language, we do not find it necessary to adopt further clarification language proposed in the respondent/importer's affirmative scope comments.

    Mem. from Dep't Com., re: Final Scope Decision Memorandum for the Final Antidumping Duty and Countervailing Duty Determinations at 24 (Dep't Com. Jul. 1, 2019), P.R. 1, 2, C.R. 1, 2, 3, 4 ("Final Scope Memo").

    How is it possible to reconcile this statement with Commerce's contention that the scope of the Orders was ambiguous regarding mixed-component wheels at the time of the original investigation?

2. In the same memo, Commerce stated that "we find that the use of the limit phrase '("or"), is intentionally and selectively expansionary and not consistent with the plain meaning of the word "and." Final Scope Memo at 24. Can you clarify this statement further and expand on how it can be reconciled with the contention that the scope of the Orders was ambiguous regarding mixed-component wheels at the time of the original investigation?

3. Does the five-factor method of substantial transformation analysis described in Bell Supply reflect Commerce's current practice? 888 F.3d at 1228–29.

4. Please respond to Plaintiffs' argument that Diamond Tools, 545 F. Supp. 3d 1324 is distinguishable because it pertains to Customs', rather than Commerce's, decision to continue a prior suspension of liquidation. See Pls.' Reply Br. at 21.

5. How does the Supreme Court's recent holding in Loper Bright Enterprises v. Raimondo, No. 22-1219, 2024 WL 3208360 (U.S. June 28, 2024) affect the persuasive authority of Diamond Tools Tech. LLC v. United States, 545 F. Supp. 3d 1324, 1349–51 (CIT 2021)?

6. If the court were to hypothetically rule that Customs has independent authority under the EAPA to suspend liquidation on its own timeline, does Commerce have any separate obligation to instruct Customs to suspend liquidation dating back to the initiation of the scope inquiry anyway? Why or why not?

    a. What case law best supports this answer?

    b. Does such a ruling neutralize the due process and adequate notice considerations, and, if so, why?

        1. What case law best supports this answer?

7. [For Defendant-Intervenor only] In your brief, you argue the portion of Sunpreme relied upon by Plaintiffs is "a passing comment" rather than "binding precedent." Def.-Inter.'s Br. at 26. Why is this so?

8. What authorities best support your overall argument?

9. Are there any recent or pending Supreme Court, Federal Circuit or CIT cases that may affect the court's analysis?

Sincerely,

/s/ Gary S. Katzmann
Gary S. Katzmann
Judge