United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

July 22, 2024

Jay C. Campbell
White & Case LLP
701 Thirteenth Street, NW
Washington, D.C. 20005

Jordan C. Kahn
Grunfeld Desiderio Lebowitz Silverman &
Klestadt, LLP
1201 New York Avenue, NW, Suite 650
Washington, D.C. 20005

Nancy A. Noonan
ArentFox Schiff LLP
1717 K Street, NW
Washington, D.C. 20006

Stephen C. Tosini
U.S. Department of Justice
Civil Division, Commercial Litigation
Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044

Roger B. Schagrin
Schagrin Associates
900 Seventh Street, NW, Suite 500
Washington, D.C. 20001

R. Kevin Williams
Clark Hill
130 E. Randolph Street, Suite 3900
Chicago, IL 60601

**Re:    Supplemental Questions for Oral Argument in <u>Asia Wheel Co., Ltd. v. United States</u>, Consol. Court No.: 23-00096**

Dear Counselors:

The court has examined the parties' responses to the court's questions in advance of oral argument on Tuesday, July 23, 2024.  <u>See</u> Pls.' Resp. to Ct.'s Qs. for Oral Arg., Jul. 19, 2024, ECF No. 68 ("Pls.' OAQ Resp."); Def.'s Resp. to Ct.'s Qs. for Oral Arg., Apr. 18, 2024, ECF No. 66 ("Def.'s OAQ Resp."); Def.-Inters.' Resp. to Ct.'s Qs. for Oral Arg., Apr. 18, 2024, ECF No. 67 ("Def.-Inters.' OAQ Resp.").  The court also asks the parties to be prepared to respond at oral argument to the additional questions listed below.  No written submissions are required at this time; as the court has indicated, oral argument will be primarily dedicated to the parties' "rebuttal arguments to the answers filed by opposing counsel."  Letter re: Qs. for Oral Arg., July 8, 2024, ECF No. 63.

I. **Questions for Plaintiffs Asia Wheel Co., Ltd, Trailstar LLC, Lionshead Specialty Tire and Wheel LLC ("Asia Wheel")**

1.    In your answer to Oral Argument Question Two, you acknowledge that the name, character, and use test is not at odds with the five-factor test, with the latter test informing the former.  Pls.' OAQ Resp. at 2–3.  Is that not what Commerce did here?

2.    When commencing an EAPA evasion investigation, Customs has its own notification mechanisms.  See 19 U.S.C. § 1517(c)(4).  Why does this not neutralize the concerns you raise with regard to adequate notice and due process?  See Pls.' Reply Br. at 20–21, May 31, 2024, ECF No. 58 ("Pls.' Reply Br.").

3.    You argue that Loper Bright casts doubt on the reasoning that underlies Diamond Tools.  See Pls.' OAQ Resp. at 8.  In the Loper Bright opinion, however, the Supreme Court cautioned that "mere reliance on Chevron cannot constitute 'special justification' for overruling" a case.  Loper Bright Enterprises v. Raimondo, No. 22-1219, 2024 WL 3208360 (U.S. June 28, 2024) (quoting Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, (2014)). What is your response?

II.    **Questions for Defendant the United States ("the Government")**

1.    You argue that Commerce's statement in the original investigation regarding a potential scope inquiry and substantial transformation analysis constituted adequate notice to importers.  See Def.'s Br. at 30; Mem., re: Final Scope Decision Memorandum for the Final Antidumping Duty and Countervailing Duty Determinations at 24 (Dep't Com. Jul. 1, 2019), P.R. 1, 2, C.R. 1, 2, 3, 4 ("Final Scope Memo").  How can this argument be reconciled with the earlier argument that this same Final Scope Memo statement illustrates that the scope of the Orders was ambiguous at the time of the original investigation?  See Def.'s Br. at 12–14.

2.    If Commerce had directed Customs to suspend liquidation dating back only to the initiation of the scope inquiry, would Customs have been required to acquiesce?

3.    Please respond to Plaintiffs' contention that Commerce has the power to determine both whether merchandise is subject to a duty order and when the merchandise becomes subject to the order.  Pls.' OAQ Resp. at 8.

III.    **Questions for Defendant-Intervenors Dexstar Wheel Division of Americana Development, Inc.**

1.    You cite Star Pipe Products for the proposition that Customs's ability to suspend liquidation under EAPA is not temporally limited by Commerce's separate scope rulings. See Def.-Inters.' OAQ Resp. at 5–6; Star Pipe Prod. v. United States, 981

F.3d 1067, 1078 (Fed. Cir. 2020). That case pertained to 19 U.S.C. § 1592 proceedings, where the statute explicitly confers independent authority to assess penalties and determine that an importer was fraudulent or negligent in its failure to pay duties. In view of Customs's asserted independent EAPA authority, is that case still on point?

2.      You mention 19 C.F.R. § 351.225(*l*) as evidence that Commerce complies with its statutory obligations. *See* Def.-Inters.' OAQ Resp. at 7. Does § 351.225(*l*) apply to covered merchandise referrals in made in tandem with a Customs EAPA investigation?

Sincerely,

*/s/  Gary S. Katzmann*
Gary S. Katzmann
Judge