# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ASIA WHEEL CO., LTD., <br><br>　　　　　Plaintiff, <br><br>and <br><br>TRAILSTAR LLC, LIONSHEAD SPECIALTY TIRE AND WHEEL LLC, <br><br>　　　　　Consolidated Plaintiffs, <br><br>and <br><br>DEXTER DISTRIBUTION GROUP LLC F/K/A TEXTRAIL, INC., <br><br>　　　　　Plaintiff-Intervenor, <br><br>v. <br><br>UNITED STATES, <br><br>　　　　　Defendant, <br><br>and <br><br>DEXSTAR WHEEL DIVISION OF AMERICANA DEVELOPMENT, INC., <br><br>　　　　　Defendant-Intervenor. | Consol. Court No. 23-00096 |

## PLAINTIFF'S, CONSOLIDATED PLAINTIFFS', AND PLAINTIFF-INTERVENOR'S POST-ARGUMENT SUBMISSION

| | |
|---|---|
| Jay C. Campbell <br> Walter J. Spak <br> Chunfu Yan <br> WHITE & CASE LLP <br> 701 Thirteenth Street, NW <br> Washington, DC 20005 <br><br> Jordan C. Kahn <br> GRUNFELD DESIDERIO LEBOWITZ SILVERMAN & KLESTADT, LLP <br> 1201 New York Ave., NW Ste. 650 <br> Washington, DC 20005 | Nancy A. Noonan <br> Yun Gao <br> Leah N. Scarpelli <br> ARENTFOX SCHIFF LLP <br> 1717 K Street, NW <br> Washington, DC 20006-5344 <br><br> R. Kevin Williams <br> CLARK HILL <br> 130 E. Randolph Street, Suite 3900 <br> Chicago, IL 60601 |

July 30, 2024

**TABLE OF CONTENTS**

I. **COMMERCE IMPERMISSIBLY AND UNREASONABLY CONCLUDED THAT THE SCOPE IS AMBIGUOUS** .......................................................................... 1

II. **COMMERCE IMPERMISSIBLY AND UNREASONABLY CONCLUDED THAT CHINESE-ORIGIN DISCS WERE NOT SUBSTANTIALLY TRANSFORMED IN THAILAND** .................................................................................. 2

III. **COMMERCE IMPERMISSIBLY DIRECTED CUSTOMS TO CONTINUE ITS PRIOR SUSPENSION** ............................................................................................. 3

I.  **Commerce Impermissibly and Unreasonably Concluded that the Scope Is Ambiguous**

Defendant argued that Plaintiffs interpret the phrase "rims and discs from China" in isolation and ignore the "including but not limited to" language. (36:15)  This is incorrect.  Two importers flagged in their investigation case briefs that the "including, but not limited to" language might create confusion, and asked Commerce to confirm "that wheels comprised of <u>rims or discs</u> from China that are assembled in a third country with <u>rims or discs</u> from third countries are not within scope."  Appx80051-52, Appx80055-56.  Commerce responded that "the existing language sufficiently conveys the concept that third-country processing of a steel wheel ***must be of rims and discs produced in China***" for the imported wheel to fall within scope.  Appx80020-80021 (emphasis added).  Thus, the "including, but not limited to language" cannot extend to wheels made in third countries with rims or discs from China.

Moreover, Plaintiffs also cite the opening line of the third-country-processing provision, which states, "The scope includes *rims, discs, and wheels* that have been *further processed* in a third country, *including, but not limited to* . . . ."  *See* Pls.' Reply at 3-4.  Asia Wheel does not merely "further process" Chinese-origin discs in Thailand; it manufactures rims, welds Thai-origin rims to Chinese-origin discs, and paints the resulting Method A Wheels.  *See id.* at 4.  Consequently, the third-country-processing provision cannot reasonably be interpreted to include Method A Wheels, as reinforced by the "rims and discs from China" language.

Citing Appx80033 ("the petitioner notes that it knows of no extant imports of subject merchandise further processed in a third country"), Defendant claimed that Commerce *declined* to respond to the importers' "rims or discs" scenario because there were no imports of mixed-component wheels at the time.  (54:20)  This citation, however, is to Commerce's *preliminary* decision in which Commerce accepted Petitioner's request to add a third-country provision to the

scope.  *See* Appx80028, Appx80033.  Subsequently, importers raised the "rims or discs from China" scenario and Commerce responded.

Defendant also continued to read out of context Commerce's statement that it "does not foreclose a further analysis of substantial transformation should a product be completed in a third country from a mix of rim and disc parts . . . ." (30:20)  Here, Commerce was rejecting Petitioner's request to change "rims **and** discs from China" to "rims **or** discs from China."  *See* Appx80022 ("{U}se of the limit phrase ('or'), is intentionally and selectively expansionary . . . Therefore, we will not adopt the petitioner's suggested language.").  Commerce could have meant a number of scenarios when it referred to "a mix of rim and disc ***parts***," but was clear that third-country processing of a wheel "***must*** be of rims ***and*** discs produced ***in China***."  *See* Pls.' Responses to Questions at 1-2.

**II.     Commerce Impermissibly and Unreasonably Concluded that Chinese-Origin Discs Were Not Substantially Transformed in Thailand**

Defendant asserted that the "name, character, and use" test under *Bell Supply* is "synonymous" with Commerce's five-factor test, as if to suggest that Commerce applied the "name, character, and use" test.  (35:00)  This is wrong on two counts.  First, the tests are complementary, not synonymous.  "A substantial transformation occurs where, 'as a result of manufacturing or processing steps . . . [,] the [product] loses its identity and is transformed into a ***new product having a new name, character and use*** {,}'" and Commerce reviews the five factors to inform whether such substantial transformation occurred.  *Bell Supply v. US*, 888 F.3d 1222, 1228 (CAFC 2018) (citation omitted).  Second, Commerce did not apply the "name, character, and use" test below.  Commerce disregarded the fundamental question of whether the Chinese-origin disc became a new product having a new name, character, and use after being transformed into a trailer wheel in Thailand – an omission that rendered its conclusion contrary to law.

2

Defendant also argued that Plaintiffs' reliance on *Peer Bearing* is misplaced, because the scope in that case did not involve a third-country-processing provision. (36:40) Here, however, Commerce did not rely on the third-country-processing provision. Rather, Commerce (wrongly) concluded that the scope was ambiguous and therefore conducted a "substantial transformation" analysis. *See* Appx2795. Then, despite recognizing that "a finished wheel requires both a rim and a disc to exhibit its essential characteristics and achieve its function{,}" Appx2810, Commerce nonsensically reasoned that a Chinese-origin disc fails to undergo a substantial transformation when it is welded to a Thai-origin rim and painted to form a finished trailer wheel in Thailand. The court rejected the same flawed reasoning in *Peer Bearing v. US*, 914 F. Supp. 2d 1343, 1352-53 (CIT 2013).

**III.    Commerce Impermissibly Directed Customs To Continue Its Prior Suspension**

Defendant's position on "adequate notice" is incoherent. Originally, Defendant asserted that the Department provided adequate notice that wheels made in a third country with rims or discs from China "may" be subject merchandise, *see* Def.'s Br. at 32, 34, despite *Tai-Ao's* holding that a stated intention to consider whether merchandise is in-scope fails to provide adequate notice. *See Tai-Ao Aluminum v. US*, 983 F.3d 487, 495 (CAFC 2020). Then, at oral argument, Defendant backtracked and argued that Importers received adequate notice that Method A Wheels could be covered when Customs imposed interim measures in the related EAPA investigation. (37:55, 39:50) Contrary to Defendant's new position, the Importers lacked adequate notice at this time because the EAPA allegation was based on transshipment (*i.e.*, complete Chinese wheels transshipped through Thailand) – not Method A Wheels. *See* Appx80111-80119. At a minimum, Defendant now concedes that Importers lacked adequate notice about Method A Wheels until July 2020, when they first received notice of the EAPA investigation. *See* Appx80111.

3

Defendant also misstated the law in asserting that Commerce lacks authority to instruct Customs to terminate its prior (and retroactive) suspension of liquidation under the EAPA. (43:40) First, Defendant argued that the EAPA does not permit Commerce to impose any temporal limitations in response to a scope referral because "covered merchandise" means "subject merchandise," which is defined as "the class or kind of merchandise that is within the scope of . . . an order . . . ." 19 U.S.C. § 1677(25). The EAPA, however, defines "covered merchandise" as "merchandise that is subject to" an order. 19 U.S.C. § 1517(a)(3). Inherently, whether imported merchandise is "subject to" an order also entails *when* the merchandise *became* subject to the order. Here, in accordance with *Tai-Ao*, because the Importers lacked "adequate notice" that Method A Wheels were within the scope of the *AD/CVD Orders* until initiation of the scope inquiry, Commerce was obligated to instruct Customs that imports entered before that date are not "covered merchandise."

Second, citing *Diamond Tools*, Defendant maintained that Commerce lacks authority to impose any temporal limitations because Congress's purpose for enacting the EAPA was to empower Customs to provide "swift relief." (41:00) Congress, however, intended for Customs to remedy "evasion" – an affirmative finding of which requires entries of "covered merchandise." 19 U.S.C. § 1517(a)(5). Again, because Importers' entries made before March 2021 cannot lawfully be considered "covered merchandise," Commerce was required to instruct Customs to terminate its suspension of liquidation applicable to entries made before that date – just as it did with respect to the Method B Wheels found outside the scope (Appx2826). Commerce – not Customs – has the ultimate authority to determine whether imported merchandise is "covered merchandise." *See* 19 U.S.C. § 1517(b)(4); *Sunpreme v. US*, 946 F.3d 1300, 1321 (CAFC 2020); *Canadian Solar v. US*, 918 F.3d 909, 917 (CAFC 2019).

4

Respectfully submitted,

/s/ Jay C. Campbell
Jay C. Campbell
Walter J. Spak
Chunfu Yan
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600
jcampbell@whitecase.com
*Counsel to Plaintiff Asia Wheel Co., Ltd.*

/s/ Nancy A. Noonan
Nancy A. Noonan
Yun Gao
Leah N. Scarpelli
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006-5344
(202) 857-6479
nancy.noonan@afslaw.com
*Counsel to Plaintiff-Intervenor Dexter Distribution Group LLC f/k/a TexTrail, Inc.*

/s/ Jordan C. Kahn
Jordan C. Kahn
GRUNFELD DESIDERIO LEBOWITZ SILVERMAN & KLESTADT, LLP
1201 New York Ave., NW Ste. 650
Washington, DC 20005
(202) 661-7784
jkahn@gdlsk.com
*Counsel to Consolidated Plaintiff TRAILSTAR LLC*

/s/ R. Kevin Williams
R. Kevin Williams
Clark Hill
130 E. Randolph Street, Suite 3900
Chicago, IL 60601
(312) 985-5907
kwilliams@clarkhill.com

5

*Counsel to Consolidated Plaintiff Lionshead Specialty Tire and Wheel LLC*

Date:  July 30, 2024

AMERICAS 127038407

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this submission complies with the word limitation requirement set forth in the Court's notice dated July 23, 2024 (ECF No. 72). The word count for this Post-Argument Submission (not counting the cover page, table of contents, attorney signature block, and this certificate), as computed by White & Case LLP's word processing system (Microsoft Word 2016) is 1,241 words.

/s/ Jay C. Campbell
Jay C. Campbell

Date:  July 30, 2024

AMERICAS 127038407